IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIGNAL SOFTWARE CORP., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 3-641 |
| | ) | |
| OPENWEBS CORP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER

Plaintiff Signal Software Corporation ("Signal") commenced this action against Defendant OpenWebs Corporation ("OpenWebs") and Defendant CarParts Technologies, Inc. ("CarParts") alleging fraudulent transfer, breach of contract and breach of fiduciary duties. OpenWebs, in turn, filed fourteen counterclaims and third party claims against Signal, Signal Extraprise Corporation and Aidan J. McKenna (as alter egos of Signal).

Signal, OpenWebs, Signal Extraprise and McKenna have filed a Joint Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (See Docket No. 78). Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

(2) **By Order of Court**. Except as provided in

1

> paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). After careful consideration, I find that dismissal, with prejudice, of all claims asserted in this case is appropriate. Each party who has asserted a claim, agrees to dismissal with prejudice. Only CarParts, who has not asserted any claims, objects. Its objections appear to be twofold: (1) OpenWebs' consent to a voluntary dismissal is a result of an "insider transaction" and thus must be rejected; and (2) CarParts may eventually want to assert the counterclaims currently asserted by OpenWebs. I do not find either argument persuasive.

First, there is no indication in the record that corporate formalities were ignored in obtaining OpenWebs' consent to a voluntary dismissal of all claims with prejudice. Indeed, a member of OpenWebs' Board of Directors signed off on the Motion. CarParts has done nothing more than make unsubstantiated claims. Further, I question whether

CarParts even has standing to raise this issue. Presumably, the only individuals who would have standing to protest a corporate decision as an illegal "insider transaction" would be shareholders. I am unaware of any such complaints by shareholders. Further, I reject CarParts' suggestion that OpenWebs gains nothing by agreeing to a voluntary dismissal of all claims with prejudice. OpenWebs is named as a Defendant in three claims. By agreeing to a voluntary dismissal, OpenWebs avoids exposure on these claims.

Second, and more importantly, CarParts has never asserted any claims in this litigation. It argues that a decision in a related state court action might result in it being deemed a "successor" to OpenWebs. If this happens, CarParts theorizes, it may decide to "adopt" the claims asserted here by OpenWebs. I will not hold this case in abeyance for some undetermined amount of time[1] based on the possibility that CarParts may, in the future, choose to assert such claims. While CarParts may, as it suggests, face a statute of limitations problem if it is deemed a successor to OpenWebs and tries to raise OpenWebs' claims in a subsequent litigation, that problem is of its own making. It could have chosen to plead such

---

[1] Counsel for CarParts has already represented to this Court that, should it receive an adverse ruling in the state court litigation, it will appeal that decision. As such, any stay here would require that I wait until the Pennsylvania Superior Court issues a decision.

3

claims here in the alternative. It did not do so, despite being well aware of the potential impact of a decision in the state related action.

Simply stated, at this juncture, every party to this action who has asserted a claim agrees that all claims should be dismissed with prejudice. No compelling reason exists for me to deny this request.

AND NOW, this 14th day of July, 2005, after careful consideration, the Joint Motion for Voluntary Dismissal (Docket No. 78) is GRANTED and all claims, counterclaims and third party claims asserted in this action are hereby dismissed, with prejudice. Consequently, all other pending Motions (Docket Nos. 70, 72, 74, 76, 81, 82 and 84) are hereby denied as moot.

BY THE COURT:

S/Donetta W. Ambrose

Donetta W. Ambrose
Chief United States District Judge